|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| TELEMUNDO OF PUERTO RICO, INC. and TELEMUNDO NETWORK GROUP, LLC,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNIÓN DE PERIODISTAS, ARTES GRÁFICAS Y RAMAS ANEXAS,<br><br>　　　　Defendant. | Civil No. 09-1261 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Telemundo of Puerto Rico, Inc. ("Telemundo PR") and Telemundo Network Group, LLC ("Telemundo Network"), seek to remove this case from the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor and Human Resources ("Arbitration Bureau"), asserting federal jurisdiction under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and request a declaratory judgment against Defendant, Unión de Periodistas, Artes Gráficas y Ramas Anexas ("Unión"), pursuant to 28 U.S.C. § 2201 regarding the Arbitration Bureau's jurisdiction over the underlying labor dispute. (Docket No. 1.) Unión moves to remand and compel arbitration under 29 U.S.C. § 185 (Docket No. 16); Plaintiffs oppose (Docket No. 18).

Civil No. 09-1261 (JAF)                                                -2-

## I.

## **Factual and Procedural Synopsis**

We derive the following facts from the parties' pleadings and submissions. (Docket Nos. 1; 11; 23.) Telemundo Network is an enterprise that broadcasts television programs from its place of business in Florida. Telemundo PR is a wholly-owned subsidiary of Telemundo Network that operates in Puerto Rico. Unión is a Puerto Rico labor organization that represents some Telemundo PR employees.

On September 23, 2005, Telemundo PR and Unión concluded a collective bargaining agreement ("CBA") that governs the terms and conditions of employment for Unión's members working for Telemundo PR. (Docket Nos. 11; 23-2.) Article XL of the CBA expressly provides for protection of employees against layoffs and against the introduction of new technology by Telemundo PR. (Id.) Under section 22 of article XL, Telemundo PR "shall exercise [its right to introduce new technology] in compliance with the obligations provided by [the CBA] and affecting the [least] number possible of employees of the Appropriate Unit." (Id.) The following section provides that affected employees must receive retraining. (Id.)

Under article XLI, the CBA also furnishes a complaints-and-grievance procedure that governs all disputes between Telemundo PR and Unión. (Id.) After taking certain preliminary steps, the

Civil No. 09-1261 (JAF)                                              -3-

parties must select an arbitrator from the Arbitration Bureau. (Id.) Section 5 of article XLI provides: "The arbitrator's decision . . . will be final and binding on the parties, as long as it is in accordance with the law." (Id.) Section 6 of the same article grants authority to the arbitrator to resolve disputes "in accordance with the provisions of [the CBA]" without modifying it in any way. (Id.) The subsequent section withholds from the arbitrator disputes arising from the renewal of the CBA. (Id.)

On February 12, 2009, Unión filed a request with the Arbitration Bureau to appoint an arbitrator to resolve a dispute arising from the layoff of some Telemundo PR employees. (Docket Nos. 1-6; 23-4.) The dispute relates to the transfer of certain functions from Telemundo PR to Telemundo Network in the United States mainland. (Docket No. 1.) This change is a business decision by Telemundo Network, the parent entity, in order to implement new technology. (Id.) Telemundo Network is a stranger to the dispute between Telemundo PR and Unión, but the arbitration may interfere with Telemundo Network's control over its operations. (Id.)

On March 16, 2009, Plaintiffs petitioned to remove the arbitration case to this court and sought a declaratory judgment to clarify Plaintiffs' rights under the LMRA. (Id.) On May 14, 2009, Unión moved to remand the case and compel arbitration

Civil No. 09-1261 (JAF)                                                        -4-

(Docket No. 16); Plaintiffs opposed on May 14, 2009 (Docket No. 18).

## II.

### **Standard for Dismissal under Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a movant may challenge the court's subject-matter jurisdiction in either of two ways: First, a movant may raise a factual challenge by controverting the plaintiff's jurisdictional allegations when they are distinct from the case's merits. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). The court then addresses "the jurisdictional claim by resolving the [predicate] factual disputes." Id. Second, under a sufficiency challenge, the court takes the plaintiff's "jurisdictionally-significant facts as true" and "assess[es] whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Valentín, 254 F.3d at 363; see Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 162-63 (1st Cir. 2007). The party asserting jurisdiction bears the burden of showing its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

A federal district court has an independent obligation to review its subject-matter jurisdiction over all cases "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3). We may

order sua-sponte dismissal if it is evident that we lack the power to decide a case. See Arbaugh, 546 U.S. at 514. While prior notice to the plaintiff is ordinarily required, no notice is necessary "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." González-González v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

## III.

## Analysis

Unión argues that we lack the competence to try this case and, thus, should remand and compel arbitration. (Docket No. 16.) Unión contends that its CBA with Telemundo PR is dispositive on the issue of substantive arbitrability under the LMRA. (Id.) For the following reasons, we agree that we lack the power to try the underlying labor dispute, and we further find that Plaintiffs are not entitled to declaratory judgment.

**A.   Substantive Arbitrability of CBA**

Pursuant to the LMRA, federal courts generally have subject-matter jurisdiction to hear cases arising from alleged breaches of contracts between employers and labor organizations. 29 U.S.C. § 185. As a corollary, a party to a CBA may move to compel arbitration if the CBA provides for dispute resolution by arbitration. See Newspaper Guild of Salem v. Ottaway Newspapers, Inc., 79 F.3d 1273, 1279 (1st Cir. 1996).

Civil No. 09-1261 (JAF)                                                    -6-

Four principles guide federal courts in assessing the substantive arbitrability of a labor dispute: (1) "the parties must have contracted to submit the grievance to arbitration"; (2) "the contract [must] provide[] for arbitration of the particular grievance in question"; (3) "the court [must] not decide the merits of the grievance while determining the arbitrability of the dispute"; and (4) "if the contract contains an arbitration clause, a presumption of arbitrability arises."[1] Id. (quoting Cumberland Typographical Union 244 v. Times, 943 F.2d 401, 404 (4th Cir. 1991)). The inquiry "is a matter of contract construction" that "is a question of law for the court"; it focuses on whether the CBA facially governs a claim. Id.

Applying these principles to the instant factual challenge, the CBA between Telemundo PR and Unión expressly provides for arbitration of labor disputes over the implementation of new technologies. (Docket Nos. 11; 23-2.) Plaintiffs insist that the present controversy relates to their implementation of new technologies that requires the termination of positions at Telemundo PR and the transfer of these positions to Telemundo Network on the U.S. mainland. (Docket No. 1.) Accordingly, the

---

[1] We are perturbed by Plaintiffs' omission of the fourth principle of substantive arbitrability from their brief, as they treated the other three. (See Docket No. 18.) We warn counsel to observe their duty of candor to this tribunal, which includes the disclosure of controlling, adverse authorities on point. L. Cv. R. 83.5(a); Model Rules of Prof'l Conduct R. 3.3 (2002).

Civil No. 09-1261 (JAF) -7-

present labor dispute is committed to arbitration, and we lack the power to rule on the controversy. See Newspaper Guild of Salem, 79 F.3d at 1279.

**B. Declaratory Judgment**

   **1. Telemundo PR**

As we lack the competence to hear the underlying dispute, we cannot grant declaratory relief to Telemundo PR. The Declaratory Judgment Act permits a federal court to declare the rights of parties "[i]n a case of actual controversy within its jurisdiction" as a form of remedy without creating an independent cause of action. 28 U.S.C. § 2201. "The Act does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995). Our previous finding against jurisdiction leaves Telemundo PR bereft of the necessary foundation to request clarification of its rights under the LMRA. See id. Therefore, Telemundo PR's prayer for declaratory relief must fail on the pleadings.

   **2. Telemundo Network**

Furthermore, we find that Telemundo Network lacks standing to petition for declaratory relief. Although the LMRA grants federal jurisdiction to hear disputes between employers and labor unions

over alleged breaches of contract, 29 U.S.C. § 185, the LMRA defines employers to include only entities that employ workers and their agents, id. §§ 142, 152. Plaintiffs aver that Telemundo Network is an interested third party to the dispute between Telemundo PR and Unión, and is not party to their CBA. (Docket No. 1.) Thus, Telemundo Network is not an employer under the LMRA. See 29 U.S.C. §§ 142, 152. Accordingly, Telemundo Network is not entitled to declaratory relief pursuant to the LMRA because it has pleaded itself out of court. See id. § 185; Ernst & Young, 45 F.3d at 534.

## IV.

### Conclusion

For the reasons stated herein, we hereby **GRANT** Unión's motion to remand and compel arbitration (Docket No. 16). We **REMAND** this case to the Arbitration Bureau. We also **DISMISS** Plaintiffs' claims for declaratory relief under the LMRA (Docket No. 1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of September, 2009.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge